RECORDED IN OFFICIAL RECORDS
INSTRUMENT # 2019148495   10  PG(S)
10/28/2019 4:30 PM
KAREN E. RUSHING
CLERK OF THE CIRCUIT COURT
SARASOTA COUNTY, FLORIDA
CIVIL COURTS          Receipt # 2440592

FOR CLERK'S USE ONLY

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT, IN AND FOR SARASOTA COUNTY, FLORIDA.

CASE No. 2011 CA 001447 NC

NEWREZ LLC, F/K/A NEW PENN FINANCIAL, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING,

Plaintiff,

VS.

MICHAEL D. HARRIS AKA MICHAEL HARRIS, TRUSTEE OF MARLOW 94 FAMILY TRUST; SARASOTA COASTAL CREDIT UNION; UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE; UNKNOWN BENEFICIARY OF THE MARLOW 94 FAMILY TRUST; UNKNOWN TENANTS/OWNERS N/K/A JENNIFER MARLOW;ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER AND AGAINST THE NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER CLAIMANTS.

DEFENDANT(S).
_____/

## UNIFORM FINAL JUDGMENT OF MORTGAGE FORECLOSURE

*This form substantially complies with Form 1.996, adopted by the Florida Supreme Court February 11, 2010, SC09-1579; form amended in 12th Circuit on 7/01/2019.*

THIS action was heard before the Court on Plaintiff, NewRez LLC, F/K/A New Penn Financial, LLC, D/B/A Shellpoint Mortgage Servicing's Motion for Summary Final Judgment. Based on the evidence presented and being otherwise fully informed in the premises,

IT IS ORDERED AND ADJUDGED that:

1. The Plaintiff's Motion for Summary Judgment is **GRANTED** against the following Defendants:

    Michael D. Harris aka Michael Harris, Trustee of Marlow 94 Family Trust

    Sarasota Coastal Credit Union

    United States of America, Internal Revenue Service

    Unknown Beneficiary of the Marlow 94 Family Trust

    Unknown Tenants/Owners N/K/A Jennifer Marlow

| Description | Amount |
| --- | --- |
| Principal due on the note secured by the mortgage foreclosed: | $124,619.64 |
| Interest from September 1, 2010 to June 25, 2018 | $52,352.11 |
| Interest @ 18.35 per diem from June 26, 2018 to October 28, 2019 | $8,991.50 |
| Pre-acceleration late charges | $1,225.42 |
| Title search and Examination | $275.00 |
| Property inspection(s) | $727.25 |
| Other: Initial Escrow Balance | $15,078.55 |
| Other: Statutory Mail | $84.09 |
| **SUBTOTAL** | $203,353.56 |

Attorney's Fees:

| | |
|---|---|
| *Attorney's Total Non Contested Flat Rate Fee* (*The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter for non-contested portion of the case. Given the amount of fee requested and the labor expended, the court finds that a lodestar analysis is not necessary for this flat fee and that a flat fee is reasonable for the non contested portion of the file.*) | $725.00 |
| Attorney's Fees based on 11.30 hours at $215.00 per hour | $2,429.50 |
| Attorney's Additional Flat Fees | $325.00 |
| **Attorney's Fees Total:** | **$3,479.50** |
| **GRAND TOTAL DUE** | **$206,833.06** |

that shall bear interest at the rate of 6.89% a year.

2. Plaintiff, whose address is c/o NewRez LLC, F/K/A New Penn Financial, LLC, D/B/A Shellpoint Mortgage Servicing, 55 Beattie Place, Ste 110, Greenville, SC 29601 holds a lien for the total sum superior to all claims of estates of Defendant(s), on the following described property in Sarasota, Florida:

> Begin at the Southeast corner of Tract 35, of PALMER FARMS 3rd UNIT, as recorded in Plat Book 3, Page 39, Public Records of Sarasota County, Florida; thence North 0 degrees 01`18" East along the West line of Tatum Road, 444.0 feet for a Point of Beginning; thence continue North 0 degrees 01`18" East, 212.35 feet; thence North 88 degrees 37` West, 200 feet; thence South 0 degrees 01`18" West, 212.35 feet; thence South 88 degrees 37` East 200 feet to the Point of Beginning.

3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale as set forth below to the highest bidder for cash, on a specified day that shall be not less than 20 days or more than 35 days after the date thereof unless plaintiff or plaintiff's attorney consents to more than 35 days after the date of final judgment, in accordance with section 45.031, Florida Statutes, using the following method:

| Check One | Sales Information | Date [Clerk Inserts] | Time | Location |
|---|---|---|---|---|
| | **Sarasota County** | 2·25·20 | 09:00:00 AM | Foreclosure sale conducted via Internet www.sarasota.realforeclose.com |
| | **Manatee County** | | 11:00:00 AM | Foreclosure sales conducted via Internet www.manatee.realforeclose.com |
| | **DeSoto County** | | 11:00:00 AM | DeSoto County Courthouse 115 Oak Street Arcadia, Florida 34266 www.desotoclerk.com |

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate, third, Plaintiff's attorneys' fees; fourth, the total sum due to the Plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court

6. On filing the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Florida Statutes, if any. Upon filing the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property. If any Defendant remains in possession of the property, the Clerk shall without further order of the court issue forthwith a writ of possession upon request of the person named on the Certificate of Title.

   **NOTICE: Issuance of a writ of possession does not exempt plaintiff from complying with federal law requiring notice to tenants residing on foreclosed property. To insure compliance with federal law, Plaintiff should consult with counsel before serving the writ of possession.**

7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment.

8. **Additions. Modifications or Changes to Standard Form**
   Any additions, modifications or changes to the provisions above may only be set forth in this paragraph.
   a. **Jurisdiction of this action is retained to enter further Orders that are proper including, without limitation, a supplemental complaint to add an omitted party or lien(s) or remedy other defects post-judgment, or Order to determine the amount of the assessment owed to any condominium or homeowners association, and entry of writs of possession.**

   b. **The clerk shall further credit plaintiff's bid with any reasonable advances made by the Plaintiff subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.**

c. If the United States of America is a defendant, it shall have the right of redemption pursuant to 28 U.S.C. Section 2410 (c), from the date of the foreclosure sale.

d. The Court finds that Plaintiff complied with the condition precedent of providing notice prior to acceleration of the loan, and prior to the filing of the foreclosure action, pursuant to the terms of the Note and Mortgage.

e. On or before the date of sale, Plaintiff may assign the judgment and/or the bid by filing an Assignment of Judgment and/or Bid without further order of this Court.

f. On or before the date of sale, Plaintiff may file an Affidavit of Additional Costs and Interest without further order of this Court.

g. The subject Mortgage is hereby reformed nunc pro tunc to the date of the original recording. The Mortgage was recorded on November 21, 2002, in Official Records Book/Instrument 2002194105, of the Public Records of Sarasota County, Florida. The correct legal description of the property is: Begin at the Southeast corner of Tract 35, of PALMER FARMS 3rd UNIT, as recorded in Plat Book 3, Page 39, Public Records of Sarasota County, Florida; thence North 0 degrees 01`18" East along the West line of Tatum Road, 444.0 feet for a Point of Beginning; thence continue North 0 degrees 01`18" East, 212.35 feet; thence North 88 degrees 37` West, 200 feet; thence South 0 degrees 01`18" West, 212.35 feet; thence South 88 degrees 37` East 200 feet to the Point of Beginning.

h. The Deed is hereby reformed nunc pro tunc to the date of the original recording. The Deed was recorded on June 26, 2006 in Official Records Book/Instrument 2006116758, . of the Public Records of Sarasota County, Florida. The correct legal description of the property is Begin at the Southeast corner of Tract 35, of PALMER FARMS 3rd UNIT, as recorded in Plat Book 3, Page 39, Public

Records of Sarasota County, Florida; thence North 0 degrees 01`18" East along the West line of Tatum Road, 444.0 feet for a Point of Beginning; thence continue North 0 degrees 01`18" East, 212.35 feet; thence North 88 degrees 37` West, 200 feet; thence South 0 degrees 01`18" West, 212.35 feet; thence South 88 degrees 37` East 200 feet to the Point of Beginning.

i. The Plaintiff's Motion for Summary Judgment is GRANTED and Final Judgment is ENTERED.

NOTICE PURSUANT TO § 45.031, FLORIDA STATUTES (2018).
IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.
IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IF ANY, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS AS UNCLAIMED. IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the following additional language applies:

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED OT HAVE A LAWYER OR ANY OTHER REPRSENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR YOUR COUNTY WITHIN TEN (10) DAYS

AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

| Sarasota County Clerk of Court | Manatee County Clerk of Court | DeSoto County Clerk of Court |
|---|---|---|
| 2000 Main Street Sarasota, Florida 34237 (941) 861-7400 www.sarasotaclerk.com | 1115 Manatee Ave W Bradenton, FL 34205 (941) 749-1800 www.manateeclerk.com | 115 East Oak Street Arcadia, FL 34266 (863) 993-4876 www.desotoclerk.com |

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LOCAL LEGAL SERVICES LISTED BELOW TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT ONE OF THE SERVICES LISTED BELOW, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER THE RECEIPT OF THIS NOTICE.

| Sarasota County | Manatee County | DeSoto County |
|---|---|---|
| **Legal Aid of Manasota** **Sarasota Office** 1900 Main Street, Suite 302 Sarasota, Florida 34236 (941) 366-0038 **Venice Office** 7810 South Tamiami Trail Suite A6 Venice, Florida 34293 (941) 492-4631 **Gulfcoast Legal Services** 1750 17th Street, Bldg. 1 Sarasota, Florida 34236 (941) 366-1746 www.gulfcoastlegal.org | **Legal Aid of Manasota** 1101 6th Avenue West Bradenton, Florida 34205 (941) 747-1628 www.gulfcoastlegal.org **Gulfcoast Legal Services** 430 12th Street West Bradenton, Florida 34205 (941) 746-6151 www.gulfcoastlegal.org | Fla. Rural Legal Services 3210 Cleveland Avenue, Suite A Ft. Myers, Florida 33901 (800) 476-8937 www.flrs.org |

**DONE AND ORDERED** in Chambers in SARASOTA COUNTY, Florida, this 23rd day of October, 2019.

_____
CIRCUIT JUDGE

*Copies furnished to all parties on attached Service List*

## SERVICE LIST
CASE No. 2011 CA 001447 NC

Tromberg Law Group, P.A.
1515 South Federal Highway, Suite 100
Boca Raton, FL 33432
eservice@tromberglawgroup.com

Michael D. Harris aka Michael Harris, Trustee of Marlow 94 Family Trust
117 S Cook St #356
Barrington, IL 60010

Victor H. Veschio, Esq.
2001 West Kennedy Blvd.
Tampa, FL 33606-1532
foreclosure@vlgfl.com

John F. Rudy, III, Esq.
400 North Tampa Street, Ste. 3200
Tampa, FL 33602
USAFLM.State.Foreclosures@usdoj.gov     Michalene.Y.Rowells@hud.gov

Unknown Beneficiary of the Marlow 94 Family Trust
94 Tatum Rd
Sarasota, FL 34240

Unknown Tenants/Owners N/K/A Jennifer Marlow
94 Tatum Rd
Sarasota, FL 34240