# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

JENNIFER KAYE MARLOW                               CASE NO. 20-bk-01383-CPM
                                                   CHAPTER 13

           Debtor.
_____/

## RESPONSE TO DEBTOR'S OBJECTION TO CLAIM 32-1

Creditor, NewRez LLC d/b/a Shellpoint Mortgage Servicing, responds to Debtor's Objection to Claim Number 8-1 (Doc. No. 33) and states:

1. Creditor filed Proof of Claim 8-1 in the total amount of $226,065.49, as to its interest in the following property: 94 Tatum Road, Sarasota, FL 34240.

2. On October 28, 2019, the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida entered a Final Judgment of Mortgage Foreclosure in favor of Creditor and against the Debtor.

3. On or about November 6, 2019, the Debtor filed a Notice of Appeal of the Final Judgment in the Second District Court of Appeal, identified as Case Number: 2D19-4277[1].

4. On or about December 5, 2019, the Circuit Court entered an Order Denying Defendant's Motion for Stay Pending Appeal.

5. Under the Bankruptcy Code, a "claim" is defined as any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." See, 11 U.S.C. §101(5)(A).

---

[1] Creditor acknowledges that the Debtor's Plan (Doc. No. 18) does not provide for treatment to Creditor and, therefore, the automatic stay is not in effect *in rem* as to Creditor, pursuant to the Fifth Amended Administrative Order Prescribing Procedures for Chapter 13 Cases (Doc. No. 2). Creditor reserves the right to file an appropriate motion to confirm the same, pursuant to Local Rule 4001-1(c)(2)(b) and 11 U.S.C. §362(j).

6. Moreover, pursuant to Federal Rule of Bankruptcy Procedure 3001(f), the Claim is *prima facie* evidence of the debt as of the date of filing, namely, February 19, 2020.

7. Debtor's Objection seeks to disallow the Claim, ostensibly, based on the Official Forms 410S1 and 410S2 not being attached; however, those forms were inapposite and not applicable to the Proof of Claim filed by Creditor on the date of filing.

8. Furthermore, Creditor asserts that copies of the note and mortgage evincing the original principal loaned are attached to the Claim, it has not entered into a settlement with the Debtor, and its lien remains a valid lien on the property.

9. Creditor affirms the amounts stated in its Claim as filed.

**WHEREFORE**, Creditor respectfully requests the Court overrule the Debtor's Objection to Claim Number 8-1, allow Claim Number 8-1 as filed, and for such other and further relief as the Court deems appropriate.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33758
P: (727) 565-2653
F: (727) 213-9022
E: bk@stewartlegalgroup.com
Counsel for Creditor

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing by CM/ECF notice and first-class mail to the parties below this 23rd day of May 2020.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire

**VIA REGULAR MAIL**
Jennifer Kaye Marlow
94 Tatum Road
Sarasota, FL 34240

**VIA CM/ECF NOTICE**
Jon Waage
P O Box 25001
Bradenton, FL 34206-5001

U.S. Trustee
United States Trustee - TPA7/13, 7
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602